IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


ROBERTA L. SMITH                                                PLAINTIFF


VERSUS                                              2:05cv2179KS-MTP


WESLEY HEALTH SYSTEMS, LLC; And
TRIAD HOSPITALS, INC.                                          DEFENDANTS


<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court on Motion for Partial Judgment on the Pleadings

**[#5]** pursuant to Rule 12(c), Federal Rules of Civil Procedure, filed on behalf of the

defendants.  The court, having reviewed the motion, the response, the briefs of

counsel, the pleadings and exhibits on file and being otherwise fully advised in the

premises finds that the motion is well taken in part and not well taken in part and should

be granted in part and denied in part.  The court specifically finds as follows:


<u>FACTS</u>

The defendants operate a hospital in Hattiesburg, Mississippi where the plaintiff

was employed as a Central Sterile Processing Technician from June 2, 2003 to January

19, 2005.  The plaintiff's job duties involved cleaning, washing, sterilizing, autoclaving

and setting up instruments.  After the plaintiff was terminated, she proceeded through

the administrative remedies requirements ultimately leading to the filing of the present

action alleging claims under the Age Discrimination in Employment Act, 29 U.S.C. §

621, et seq. (ADEA), as well as state law claims of negligent hire, retention and

supervision and negligent infliction of emotional distress and intentional infliction of

emotional distress.

In support of her claims, the plaintiff alleges that she was ostracized, singled out,

and made to work in a decontamination room at Wesley Medical Center cleaning

bloody instruments because her substantially younger supervisor considered her to be

too old.  She alleges that when she complained, she was subjected to deliberate and

false accusations of incorrectly assembling surgical instruments as a pretext for age

discrimination and was ultimately terminated.


## STANDARD OF REVIEW

The defendants have brought the present motion asserting that even when all

the facts in the plaintiff's Complaint are taken as true, her state law claims fail as a

matter of law.  A motion for judgment on the pleadings pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure is subject to the same standard as Rule (b)( 6) motion

to dismiss.  *Resolution Trust Corp. v. Scott*, 887 F. Supp. 937, 940 (S.D. Miss. 1995).

In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically

the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim

has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER,

FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings.  We

accept all well-pleaded facts as true and view them in the light most favorable to the

Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  *See also,  Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).  If any matters outside the complaint are considered, the motion is converted to one for summary judgment.  *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

## STATE LAW CLAIMS

The plaintiff has conceded that her state law negligence claims related to negligent hiring, retention and supervision and negligent infliction of emotional distress are subject to dismissal and they are due to be dismissed.  The only remaining claim subject to the motion to dismiss is the plaintiff's claim for intentional infliction of emotional distress.  Mississippi courts have recognized that such a claim exists separate and apart from negligence claims.  However, "[m]eeting the requisite elements of a claim for intentional infliction of emotional distress is a tall order in Mississippi." *Jenkens v. City of Grenada*, 813 F. Supp. 443, 446 (N.D. Miss.1993).

The Fifth Circuit acknowledged in *Haun v. Ideal Indus., Inc.*, 81 F.3d 541, 548 (5th Cir. 1996), that

> Mississippi courts recognize intentional infliction of emotional distress when the defendant's conduct. . . evokes outrage or revulsion. As we have stated before, it is difficult to prove intentional infliction of emotional distress: it has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by

malice, or a degree of aggravation which would entitle the plaintiff to
punitive damages for another tort. Liability has been found only where the
conduct has been so outrageous in character and so extreme in degree,
as to go beyond all possible bounds of decency, and to be regarded as
atrocious, and utterly intolerable in a civilized community.

*Id.*(citations omitted).  Moreover, intentional infliction of emotional distress claims do not

lie for "mere insults, indignities, threats, annoyances, petty oppression, or other

trivialities.  *Hunt v. Wal-Mart*, 2006 WL 231632, at *8 (S.D. Miss. 2006).

The courts have "repeatedly stated that a claim for intentional infliction of

emotional distress will not lie for mere employment disputes."  *Jenkens*, 813 F. Supp. at

447 (*citing Johnson v. Merrell Dow Pharm., Inc.*, 965 F.2d 31, 33 (5TH Cir.1992)).  "Mere

employment disputes" not actionable through intentional infliction of emotional distress

claims include unfair criticism of job performance, poor evaluations, demands that

employees quit or face termination based on fabricated reasons, harassment and

termination.  *Hunt*, 2006 WL 231632, at *8; *Jenkens*, 813 F. Supp. at 447; *Whitmire v.

Victus Ltd*, 2000 WL 33909236, at *4 (N.D. Miss. 2000).

According to the defendants, the plaintiff's allegations that she was singled out to

perform undesirable jobs (albeit ones within her job description), isolated, falsely

accused of mistakes, moved to a different shift and ultimately terminated amount to no

more than "mere employment disputes" which are not actionable.  The plaintiff asserts

that she was singled out to work the most onerous and dangerous duties of her

department, including cleaning bloody instruments, carts, drills, etc. after surgery

thereby increasing her exposure to blood borne diseases, among other maladies.

The plaintiff further contends that she was ostracized because of her age and

4

frequently made to work in a room by herself, because the younger employees did not want to perform the duties that she was made to perform and that she did not fit into the "younger crowd."   The plaintiff also claims that Baker restricted her duties as described, because, as Baker told the plaintiff, Baker's former hospital also restricted the activities of the "old people."   Smith contends that when she complained about Baker's treatment of her and Baker's derogatory comments about her, she was retaliated against by being terminated.

<strong><u>CONCLUSION</u></strong>

The court finds that the allegations made by the plaintiff do not *prove* that she has been subjected to intentional infliction of emotional distress.  However, at the pleading stage, proof of the claim is not required.  This seems to be the standard urged by the defendants - that the plaintiff offer summary judgment type proof of her claims.  This is not the summary judgment stage.  The plaintiff has made the allegations, which, subject to the proof, could lead to a conclusion that she suffered the intentional infliction of emotional distress.  The present motion only "tests whether the claim has been adequately stated in the complaint."  The defendants will have another chance to test the claim at the conclusion of discovery by way of summary judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' Motion for Partial Judgment on the Pleadings**[#5]** is granted in part and the plaintiff's state law negligence claims related to negligent hiring, retention and supervision and negligent infliction of emotional distress are dismissed with prejudice; and is denied as to

plaintiff's claim of intentional infliction of emotional distress.  A separate judgment shall

be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 18th day of August, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE